AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

(If movant has a sentence to be served in the future under a federal j[redacted] he wishes to attack, he should file a motion in the federal court which entered the j[redacted]

05 235ML

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

*Explanation and Instructions—Read Carefully*

(1) This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

Form E (2)(c)

J

AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Rhode Island | |
|---|---|---|
| Name of Movant Pablo Pereyra | Prisoner No. 02251-070 | Case No. CR 95-048-001 |
| Place of Confinement FCI Raybrook | | |

UNITED STATES OF AMERICA v. Pablo Pereyra
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack Rhode Island

2. Date of judgment of conviction Dec 1, 1995

3. Length of sentence 180 Months

4. Nature of offense involved (all counts) 924 (e)

5. What was your plea? (Check one)
   - (a) Not guilty ☐
   - (b) Guilty ☒
   - (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   - (a) Jury ☐
   - (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result ____________________

(6) Date of result ____________________

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ☐ No ☐
(2) Second petition, etc. Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

____________________

____________________

____________________

____________________

____________________

____________________

____________________

____________________

____________________

____________________

____________________

____________________

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Based on U.S. v. Shepard, i am no longer a career offender

Supporting FACTS (state *briefly* without citing cases or law) See Attached Petition

B. Ground two: District Court did not credit me with acceptance of responsibility

Supporting FACTS (state *briefly* without citing cases or law): See Attached

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

D. Ground four:

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing Unknown

(b) At arraignment and plea X

(c) At trial X

(d) At sentencing X

(e) On appeal ____________________

(f) In any post-conviction proceeding ____________________

(g) On appeal from any adverse ruling in a post-conviction proceeding ____________________

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: ____________________

(b) Give date and length of the above sentence: ____________________

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

____________________
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

May 22, 05
(date)

Pablo P
Signature of Movant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>- v.<br>PABLO PEREYRA,<br>Petitioner, | : Crim. No. CR 95-049-001P<br>: PETITION PURSUANT TO 28 U.S.C § 2255.<br>:<br>: CA 05 235 ML |

Introduction

The petitioner, Pablo Pereya, petitions this Court pursuant to 28 U.S.C. § 2255, to vacate or set aside the sentence imposed by the United States District Court for the District of Rhode Island, the Honorable Raymond J. Pettine, USDJ, on the 1st day of December, 1995 of 180 months of imprisonment, as an Armed Career Offender, in violation of 18 U.S.C. § 924(e); in light of the newly recognized Supreme Court holding in <u>United States</u> v. <u>Shepard</u>, WL 516494 (March 7, 2005), which is applicable to the facts of this case, and which is retroactive to cases on collateral review. <u>United States</u> v. <u>Bousely</u>, 528 U.S. 614, 620 (1998) in that the Supreme Court narrowed the scope of ACCA in intepreting it's terms.

A. <u>Culmination of the Criminal Case</u>

This case culminated by the return of a two-count federal indictment, on June 1, 1995, by a sitting federal grand jury for the District of Rhode Island. The petitioner was charged with, in Count I, Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1), and in Count II, with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

---

*/

In <u>Point II</u> infra, the petitioner also raises the argument that the district court, pursuant to <u>United States</u> v. <u>Rodriguez</u>, 64 F.3d 638 (11th Cir. 1995), violated the Plea Agreement by failing to adjust the petitioner's sentence to account for his timely acceptance of responsibility; nothwithstanding ACCA.

On August 8, 1995, the government filed an Information, pursuant to the Armed Career Offender provisions, which contained the following information:

a. On or about June 3, 1987, Pablo Pereyra was convicted in Case Number P1/86-717A of two counts of Robbery, a violent felony punishable by imprisonment for a term exceeding one year, in the Providence County Superior Court, Providence, Rhode Island, and was sentenced to a term of 20 years on each count, ordered to serve 10 years with 10 years suspended, and 10 years probation, sentences to run concurrently.

b. On or about June 3, 1987, Pablo Pereyra was convicted in Case Number P/86-3511A of two counts of Assault with a Dangerous Weapon, a violent felony punishable by imprisonment for a term exceeding one year in the Providence County Superior Court, Providence, Rhode Island and was sentenced to a term of 10 years of imprisonment on each count.

c. On or about June 3, 1987, Pablo Pereyra was convicted in Case Number P/86-3511A of six counts of Robbery, a violent felony punishable by imprisonment for a term exceeding one year, in the Providence County Superior Court, Providence, Rhode Island, and was sentenced to 20 years imprisonment on each count with 10 years to serve, 10 years suspended, 10 years probation, with the sentences to run concurrently.

d. On or about June 3, 1987, Pablo Pereyra was convicted in Case Number P/87-137B of four counts of Assault with a Dangerous Weaspon, a violent felony punishable by imprisonment for a term exceeding one year, and two

counts of Assault with Intent to Rob, a violent felony punishable by a term of imprisonment exceeding one year, in the Providence County Superior Court, Providence Rhode Island, and was sentenced to a term of 10 years of imprisonment as to each count with the sentences to run concurrently.

e. On or about June 3, 1987, Pablo Pereyra was convicted in case Number P/87-137B of nine counts of Robbery, a violent felony punishable by a term exceeding one year, in the Providence County Superior Court, Providence, Rhode Island, and was sentenced to a term of 10 years imprisonment as to each count with the sentences to run concurrently with 10 years suspended and 10 years probation to commence upon release.

f. On or about June 3, 1987, Pablo Pereyra was convicted in Case Number P/87-137B of four counts of Intimidation of a Witness, a violent felony punishable for a term exceeding one year, in the Providence County Superior Court, Providence, Rhode Island, and was sentenced to 5 years of imprisonment.

Subsequently, upon the advise of counsel, C. Leonard O'Brien the petitioner executed a written plea agreement ("Agreement"), with the relevant portions to this application below:

A. The defendant will plead guilty to Counts I and II of the indictment. In exchange for the defendant's plea, the government will recommend that the Court impose a jail sentence at the lowest term from the range of jail terms computed by the Court.

B. The government agrees that it will not oppose a two- or three level decrease, whichever is applicable for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that the defendant completely and truthfully admits his involvement in the criminal conduct to which he is pleading guilty, and provided also that the Defendant otherwise complies with all requirements of § 3E1.1, and does not receive an enhancement for obstruction of justice pursuant to § 3C1.1.

C. The defendant further understands that should he be found to be an armed career offender criminal under 18 U.S.C. § 924(e)(1), the maximum penalty under Count II is Life imprisonment, $250,000 fine, and at least 3 years but not more than five years supervised release, and a $50.00 special assessment.

On September 8, 1995, the petitioner appeared before the district court and entered a guilty plea in conformance with the Agreement. The court accepted the plea, and a pre-sentence report was ordered drafted.

On October 25, 1995, the United States Department of Probation issued it's finding. The following information was offered to the Court by the Assistant United States Attorney, Richard R. Rose:

> On Friday, September 8, 1995, the Defendant, Pablo Pereyra, pled guilty to an Indictment charging possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). If the case proceeded to trial, the government would have established the following facts: On or about May 23,

1995, detectives from the Providence Police Department executed a search warrant at 170 Dodge Street in Providence, Rhode Island. After announcing themselves and hearing no response, officers forced their way into the apartment and immediately apprehended Defendant, Pablo Pereyra and another individual.

From the kitchen table, police seized several items associated with drug trafficking, including two (2) sifters, a digital scale, a box of rubber bands, glassine packets marked "Miracle", a box of a known cutting agent, and a plate of heroin. Detectives also seized $1,027 in United States currency from the defendant's pocket.

Concurrent with his arrest, the Defendant was advised that officers were preparing to execute a search warrant at his home at 78 Warrington Street, in Providence Rhode Island. The defendant stated that there were no drugs at that location but that he did have a .41 caliber handgun in his bedroom under a dresser. Detectives searching the Warrington Street premises recovered a Smith and Wesson Model 57-1, .41 Caliber handgun, loaded with five (5) rounds, two boxes of .41 caliber ammunition, and personal papers belonging to the Defendant. The weapon was subsequently test-fired and found to be operable.

Pre-Sentence Report

According to the Pre-Sentence Report, the laboratory analysis of the seized heroin was, 9.43 grams net weight (¶ 9) (PSR). Also according to the PSR, the defendant was credited with acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) & (b) (¶ 11-14).

Pursuant to U.S.S.G. § 2D1.1, the Probation Department converted the seized $1,027 to heroin and the total amount of substance equated to 20.84 grams of heroin. As such, the Base Offense Level for this amount of heroin is 18. (PSR ¶16-22)

As to Count II, the guideline for 18 U.S.C. § 922(g)(1), equates to Base Offense Level of 24 (provided that the defendant had a least two prior felony convictions for either a crime of violence or a controlled substance offense. (PSR ¶ 23).

Multiple Count Application

According to U.S.S.G. § 3D1.1-3D1.4, in that the Defendant was convicted of two non-related offenses, a combined offense level is determined. As a result of Count I, a one-half unit is added to the highest of the two categories. As such, the Base Offense Level under this section was 25. (PSR ¶ 30).

Pursuant to U.S.S.G. 3E1.1, a three point reduction was assessed for the defendant's acceptance of responsibility. As such, the adjusted offense level equated to 22. (PSR ¶ 31).

Armed Career Criminal Provisions

Pursuant to the Information filed by the government, the Probation Department determined that the defendant was an armed career offender, in that he had previously been convicted of three prior violent felony convictions; Robbery-P1/87-0137B; Robbery-K1/86-0717A; and Robbery-P1/86-3510A. As such, the PSR indicated that the defendant was subject to the enhanced penalty provisions of 18 U.S.C. § 924(e) (ACCA).

Pursuant to U.S.S.G. § 4B1.4, which governs the provisions of the Armed Career Offender guidelines, the applicable Base Offense Level is 32. (PSR ¶ 34).

STATUTORY PROVISION

Pursuant to the ACCA provision of Title 18, the mandatory minimum term of imprisonment is 15 years, nothwithstanding the petitioner's overall adjusted sentencing range, which is lower than the statutory maximum term without the ACCA application.

Sentencing Proceedings

On December 1, 1995, the petitioner appeared before the United States District Court, and subsequent to the PSR challenges in relation to the assessment of the ACCA provisions, based on the consolodated State of Rhode Island convictions and sentences, the district court sentenced the petitioner to a term of 180 months of imprisonment.

## I.

## THE PETITIONER IS ENTITLED TO RESENTENCING BASED UPON THE RECENT SUPREME COURT DECISION IN UNITED STATES V. SHEPARD, No. 03-9168 (March 7, 2005); AND WHICH IS RETROACTIVE ON COLLATERAL REVIEW.

The issue in this case is whether the district court improperly conducted a wide-ranging inquiry into facts underlying the petitioner's prior state convictions in order to determine whether those convictions qualified as predicate offenses under

the Armed Career Criminal Act (18 U.S.C. § 924(e)).

## SUMMARY OF ARGUMENT

In Taylor v. United States, 495 U.S. 575 (1990) the Supreme Court addressed the application of the ACCA to prior convictions obtained under non-generic burglary statutes which may or may not qualify as "violent felonies" under the ACCA. The Court unambiguously held that the ACCA does not permit sentencing courts to engage in a factual inquiry into the underlying convictions, but rather must apply a "categorical" approach looking only to the fact of the convictions and the elements of the statute of conviction. If the elements adjudicated were those of a generic burglary, the conviction qualified as a "violent felony" under the ACCA. If it cannot be determined from the statute of conviction that these elements were necessarily adjudicated, the conviction does not qualify.

In United States v. Shepard, No. 03-9168 (March 7, 2005), the Supreme Court, in a majority opinion with Justice Souter[1/] delivering the opinion of the Court (Part III), that, "[t]he rule in the Jones v. United States, 526 U.S. 227, 243 n.6; and Apprendi v. New Jersey, 530 U.S. 466, 490, line of cases--that any fact other than a prior conviction sufficient to raise the limit of the possible federal sentence must be found by a jury, absent a waiver by the defendant--is also relevant to ACCA sentencing.

---

1/ Joined by Justice Stevens, Justice Scalia, and Justice Ginsburg; with Justice Thomas concurring in part, and holding that Almendarez-Torres, 523 U.S. 224 (1998) has been eroded by the recent Sixth Amendment holdings.

A. The Imposition of an Aggravated Felon Enhancement Under ACCA On the Basis of a Range of Factors Not Found By the Jury, Violates the Constitutional Guarantees Enunciated in Blakely v. Washington, 124 S.Ct. 2531 (2004); United States v. Booker, 543 U.S. ___ (2005); and United States v. Shepard, No. 03-9168 (March 7, 2005).

In Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219 (1998), the United States Supreme Court held that the fact of a prior conviction for purposes of the determination of whether a defendant is an "aggravated felon" in an unlawful re-entry case, need not be submitted to the jury and proven beyond a reasonable doubt, but could be determined by the sentencing court by a preponderance of the evidence. Almendarez-Torres, 523 U.S. at 227, 118 S.Ct. at 1222. Significantly, the United States Supreme Court made clear that it's decision was narrowly limited to the circumstances of a defendant who pled guilty, admitted his prior conviction at the time he pled guilty, and failed to raise the issue of whether a higher standard of proof was warranted with respect to establishing prior convictions at sentencing. The Supreme Court left open the issue of any standard of proof concerns involving the establishment of prior convictions where no such admission was made by the defendant with regard to his prior conviction. The Court stated, "[W]e express no view on whether some heightened standard of proof might apply to sentencing determinations that bear significantly on severity of sentences." Almendarez-Torres, 523 U.S. at 248, 118 S.Ct. at 1233.

Decisions rendered by the Supreme Court in the years following Almendarez, have evidenced the majority's clear repudiation of it's holding. In Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), the Supreme Court continued to except the fact of a prior conviction from it's holding that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362. However, while not overruling Almendarez, the majority in Apprendi noted that it was creating only a "narrow exception" to the general rule for the "fact of a prior conviction", and that it was doing so because the petitioner had not contested it's validity in Almendarez. In Apprendi, the Court acknowledged that "it is arguable that Almendarez-Torres was incorrectly decided, and therefore limited Almendarez to it's "unique facts". Apprendi, 530 U.S. at 489-50, 120 S.Ct. at 2362.

Justice Thomas, who concurred in Apprendi, clearly expressed his belief that the Supreme Court's ruling in Apprendi calls for the reversal of Almendarez-Torres. Justice Thomas stated that, "[t]he consequences of the above discussion of our decisions in Almendarez and McMillan, should be plain enough." 2/ Apprendi, 530 U.S. at 518 (Thomas, J., concurring).

---

2/ The petitioner does not argue for the retroactivity of Apprendi in anticipation of the government's standard reply; however, we do argue, under Bousely v. United States, 528 U.S. 614, 620 (1998), that Shepard is clearly retroactive.

Following Apprendi, the majority of the Supreme Court no longer supports the holding of Almendarez-Torres that the fact of a prior conviction is a mere sentencing factor, and not an element of an enhanced offense pursuant to 8 U.S.C. § 1326(b). In addition to Justice Thomas, four other Justices have written or joined opinions disagreeing with Amendarez-Torres' constitutional reasoning. In Monge v. California, 524 U.S. 721, 118 S.Ct. 2246 (1998) (Scalia, J., joined by Justice Souter and Ginsburg, JJ., dissenting), Justice Scalia, Souter, and Ginsburg stated in their dissent that the Almendarez-Torres holding was "a grave constitutional error affecting the most fundamental of rights." Monge 524 U.S. at 741, 118 S.Ct. at 2257. In Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215 (1999), Justice Stevens agreed with Justice Scalia that, contrary to Almendarez-Torres' holding, "it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties." Jones, 526 U.S. at 252, 119 S.Ct. at 1229.

In Dretke v. Haley, 124 S.Ct. 1847 (2004), Justice O'Conner, writing for the majority, recognized that whether Almendarez-Torres remains valid following Apprendi presents a "difficult constitutional question." The Dretke majority criticized the dissenters because they had "simply assumed away" the issue in Almendarez. Dretke, at 1853.

---

*/
The petitioner asserts that this petition is timely filed under the AEDPA, 28 U.S.C. § 2255 in that the Supreme Court has explicitly stated that once the Supreme Court announces a new rule, the one year time limitation to file begins.

(i)

CONSTITUTIONAL AVOIDANCE IN THE SENTENCING CONTEXT

The precise constitutional problem to be avoided here is strikingly similar to the problem which influenced the Supreme Court's interpretation of the "carjacking statute" (18 U.S.C. § 2119) in Jones v. United States, 526 U.S. 227 (1999). That statute was interpreted as defining three different crimes rather than a single crime with two aggravating factors to be determined by the sentencing judge on a preponderance of the evidence. Id at 251-52. There is no question here that § 924(e) elevates the penalty provisions as severely or more severely than those at issue in Jones. Like Jones, the issue here is whether the sentencing court may considr facts not adjudicated in the prior proceeding in order to impose a sentence for the "aggravated" version of the crime. The constitutional principle discerned in Jones was whether under, ".... the jury trial guarantees of the Sixth Amendment, any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to the jury and proven beyond a reasonable doubt. In 1999, this principle had only been suggested by prior cases, but is now clearly established. Apprendi, 530 U.S. at 490; Ring v. Arizona, 536 U.S. 584, 603 (2002); Blakely, 124 S.Ct. at 2537. Thus, the Court's level of constitutional concern here should rise above the level of doubt to near certainty.

As Apprendi specifies, the fact of a prior conviction is an excpetion to this rule. This is so because the certainty that the defendant received due process in the proceedings leading to the conviction ameliorates the concern taking judicial notice of the fact of conviction violates a defendant's right to due process in a recidivist sentencing forum. 530 U.S. at 487. "The rationale for exempting the fact of a prior conviction from jury trial guarantees is that, a prior conviction satisfying the fair notice, reasonable doubt, and jury trial guarantees." Jones, 526 U.S. at 249.

However, the confidence that the Jones Court had in the integrity of prior convictions is misplaced in situations where, as here, a subsequent court must engage in fact-finding to resolve an ambiguity about the nature of the prior conviction. Here, the application of § 924(e) turns on a post hoc adjuducation which was not conducted in accordance with these guarantees. The petitioner's prior Robbery offenses were consolodated, and a concurrent term of imprisonment was imposed on the very same day, by the same State Court Judge.

STATE OF RHODE ISLAND CONVICTIONS

The petitioner sustained 4 consolodated sentence by the Providence Superior Court, Providence Rhode Island as articulated within at pages 2-3; however as evidenced from the facts of those various offenses (PSR at 45-48) (herein at pages 2-3); those acts were part of a "common scheme or and plan", and contained the same "modus operandi" as each other. As such, it is urged that

the district court committed "plain error" by failing to acknowledge that he retained the discretion to sentence the petitioner outside of the parameters of the ACCA. See, e.g., United States v. Gelzer, 50 F.3d 1133 (2d Cir. 1995); United States v. Cowart, 90 F.3d 154 (6th Cir. 1996); and United States v. Brothers, 316 F.3d 120 (2d Cir. 2003) ("clear error" in determining whether the district court erred.)

On August 28, 1986, the petitioner was arrested and charged with Robbery Conspiracy (Dkt. P1/87-0137B, and P1/86-3511A). While the petitioner was under the custody of the Providence Superior Court pursuant to the 8/28/86 offense(s); he was rearrested on September 2, 1986, and September 11, 1986 and charged with two additional Robberys' (Dkt. K1/86-0717A; and P1/86-3510A). Although technically there were intervening arrests, the offenses charged were temporally, and factually related to each other and as such, the Application Note of U.S.S.G. § 4B1.4 would not necessarily apply.

Related Cases

The guidelines require the assessment of criminal history points for "each prior sentence" USSG § 4A1.1. But there are exceptions. Once such exception authorizes sentences imposed in what the Sentencing Commission calls "related cases" to be treated as a single offense. See USSG § 4A1.2(a)(2). Insofar as pertinent here, sentences are considered related "if they resulted from offenses that ... were consolodated for trial or sentencing." Id.

comment. (n.3)

The standard of review in sentencing appeals ordinarily is deferential. See 18 U.S.C. § 3742(e); United States v. Dietz, 950 F.3d 50 (1st Cir. 1991). Thus, where there is more than one plausible view of the circumstances, the sentencing court's choice among supportable alternatives is not clearly and a reviewing court cannot disturb it. United States v. Ruiz, 905 F.2d 499, 508 (1st Cir. 1990). However, to the extent that an alleged error involves the district court's interpretation of a sentencing guideline, it presents a question of law warranting plenary review. United States v. Santiago, 83 F.3d 20, 26 (1st Cir. 1996).

In this case, the record is not clear whether the district court was aware of it's discretion to depart from the ACCA; other than the Court's rejection of the petitioner's challenge to the PSR. In United States v. Elwell, 984 F.2d 1289 (1st Cir. 1993), the Court intimidated that a mere coincidence in timing, without more, is not enough to justify treating convictions that do not possess common antecedents as being consolodated for purposes of sentencing. See Id. at 1296 n.7 (explaining that such convictions cannot be "deemed 'constructively' consolodated because of ... [a] plea bargain and concurrent sentences) (dictum). The Court in United States v. Correa, 114 F.3d 314 (1st Cir. 1997) transformed the Elwell adumbration into an express holding; at least in respect to offenses that are temporally and factually distinct

(that is, offenses which occurred on different dates and which did not arise out of the same course of conduct), charged based thereon should not be regarded as having been consolodated (and, therefore, "related") unless the sentencing court entered an actual order of consolodation or there is some other persuasive indicium of formal consolodation apparent on the face of the record which is sufficient to indicate that the record which is sufficient to indicate that the offenses have some relationship to one another beyond the sheer fortuity that sentence was imposed by the same Judge at the same time.

Other Circuit's have also aligned themselves with the First Circuit. See e.g., United States v. Patasnik, 89 F.3d 63, 74 (2d Cir. 1996); Green v. United States, 65 F.3d 546, 548-49 (6th Cir. 1995), cert. denied, ___ U.S. ___, 116 S.Ct. 826, 133 L.Ed.2d 769 (1996); United States v. Allen, 50 F.3d 294 (4th Cir.); United States v. Alberty, 40 F.3d 1132 (10th Cir. 1994); United States v. Klein, 13 F.3d 1182 (8th Cir. 1994); United States v. Garcia, 962 F.2d 479 (5th Cir. 1992).

The record in this case is similarly unclear whether the Providence Superior Court entered a formal consolodation order, however, the district court nevertheless has the authority to depart when, "even though the guideline linguistically applies," United States v. Jaderany, 221 F.3d 989, 995 (7th Cir. 2000), cert. denied, 531 U.S. 1151, 121 S.Ct. 1095, 148 L.Ed.2d 968

(2001), the situation at hand is not what was contemplated by the Commission in setting the applicable sentence. In other words, when a mechanical application of the guidelines would frustrate the purpose of this provision, the court should depart to effectuate the Commissions intent.

As the Supreme Court in United States v. Shepard, No. 03-9168 (March 7, 2005), dictates that a sentencing court's inquiry is limited to the terms of the prior conviction's charging document, to the terms of the plea agreement or transcript of the plea colloquy, or to some other comparable judicial record of this information, it is clearly apparent that from the offered records concerning the consolodated sentences, that the district court had the authority to sentence the petitioner outside of the ACCA provision.

II.

RETROACTIVITY OF SHEPARD

In Shepard, the Supreme Court did not explicitly address whether it's decision would be applied retroactively to cases on collateral review. To date, none of the Circuits have yet ruled on this important and critical issue. The effect of Shepard however is to ensure that what was determined before as "sentencing factors" are now elements of the offense which must be found beyond a reasonable doubt in order to be qualified under the Armed Career Criminal Act (ACCA).

Although the Supreme Court similarly did not yet reverse

it's holding in Almendarez-Torres, 523 U.S. 224, 118 S.Ct. 1219 (1998), Shepard announced a new rule, and it is "substantive", and thus, there is no Teague inquiry at all and the decision is presumed to be retroactive. Bousely v. United States, 528 U.S. 614, 620 (1998).

A rule is substantive if it narrows the scope of a criminal statute in interpreting it's terms. Shiro v. Summerlin, 124 S.Ct. 2519, 2522 (2004). As the Supreme Court explained, substantive rules "apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." Id. at 2522-23 (emphasis added).

Moreover, the decision in Shepard involved the "statutory interpretation" of the ACCA; similar to the retroactive determinatio made in Bousely, in holding United States v. Bailey, 516 U.S. 137, 144 (1995) retroactive. ("[W]e are, after all, dealing with an issue of statutory interpretation..."); Shepard, supra. As the Supreme Court has narrowly limited the scope of individuals who may be charged and sentenced under the ACCA provisions in it's interpretation of this criminal statute, this decision is surely reroactive to cases on collateral review.

---

3/ The government will, of course, argue against retroactivity; it must be noted however, that the petitioner does not arguing for retroactive effect of Apprendi, Blakely, Jones, or Booker; these decisions are discussed infra in order to relate the history leading to the Supreme Court's decision in Shepard, which is retroactive under the reasoning of Bousely. The petitioner respectfully requests permission to Traverse the government's proposed frivolous argument against this logic.

## POINT II

## THE DISTRICT COURT VIOLATED THE PETITIONER'S PLEA AGREEMENT BY FAILING TO ACCOUNT FOR HIS TIMELY ACCEPTANCE OF RESPONSIBILITY, NOTWITHSTANDING THE IMPOSITION OF THE RECIDIVIST ACCA STATUTE.

This Court interprets plea agreement de novo. See United States v. Velez-Carrero, 77 F.3d 11 (1st Cir. 1996); United States v. Clark, 55 F.3d 9, 12 (1st Cir. 1995). In general, plea agreement are subject to ordinary contract law principles, except that any ambiguity is resolved "strictly against the Government." See, United States v. Saxena, 229 F.3d 1, 5 (1st Cir. 2000).

To determine whether a plea agreement had been breached, a court must look to "what the parties reasonably understood to be the terms of the agreement." United States v. Valez-Carrero, supra. A sentence imposed pursuant to a plea agreement, "must follow the reasonable understandings and expectations of the defendant with respect to the bargained for sentence." Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Furthermore, the court must not only adhere to the letter of the agreement, but also to it's spirit." United States v. Riggs, 287 F.3d 221 (1st Cir. 2002); and United States v. Frazier 340 F.3d 5 (1st Cir. 2003).

---

4/ Interestingly, the writer of this petition authored in part, both Riggs, and Frazier's currently pending § 2255 petition (Riggs'); and a request for a Certificate of Appealability (Frazier) requesting for a reduced sentence pursuant to United States v. Mateo III, 276 F.Supp.2d 186 (D.Mass. 2003) in light of this writer's securing two vacature's of prior State convictions.

Moreover, "because plea bargaining requires defendants to waive fundamental constitutional rights, this Court has held prosecutors engaging in plea bargaining to the most meticulous of standards of both promise and performance. The same reasoning applies to the Court who accepts the plea and imposes the sentence. United States v. Velez-Carrero, 77 F.3d 11 (1st Cir. 1996) (internal quotations marks omitted). Where a plea agreement is ambiguous as to whether the Government can justifiably pursue an enhancement, this Circuit has consistently held that any such ambiguity must be consrued against the Government. United States v. Riggs, 287 F.3d at 223 (1st Cir. 2002).

Rule 11, Federal Rules of Criminal Procedure, requires that the terms of the plea bargain must be disclosed in open court when an agreement is reached or, upon a showing of good cause, in chambers at the time the plea was offered. McCarthy v. United States, 394 U.S. 459 (1969). Once the Court establishes that the defendant enters into a written plea agreement, the Court must also ascertain that the plea was made voluntarily, knowingly, and intelligently. Once the Court determines the voluntariness of the plea, and sets forth the factual elements of the offense, the plea is binding on all parties. Santobello v. New York, 404 U.S. 257, 263 (1971).

Finally, once it is determined that the plea agreement was breached, the defendant is entitled to either specific performance of the agreement or allowing the defendant to withdraw the plea.

Santobello v. New York, 404 U.S. 257, 262-263, 92 S.Ct. 495, 498-99, 30 L.Ed.2d 427 (1971).

BREACHED PLEA

In this case, the petitioner entered into a written plea agreement with the government, and which the Court accepted on September 8, 1995. The agreement's stipulations are summarized in the Pre-Sentence Report, and is discussed infra at pages 3-4. As well, the petitioner attaches the relevant portions of the "Report" for this Court's review. It is respectfully requested however, that pursuant to Rule 5 of the Rules governing habeas petitions, that this Court issue an Order that the Government serve upon the petitioner, the complete Written Plea Agreement attached to their anticipated Reply. This will allow this writer to fully review the agreement and amend if necessary.

The agreement, as recounted in (B), page 4 herein petition, that:

> The government agrees that is will not oppose a two or three level decrease, whichever is applicable for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that the defendant truthfully admits his involvement in the criminal conduct to which he is pleading guilty, and provided also that the Defendant otherwise complies with all requirements of § 3E1.1, and does not receive an

---

5/ Further support of the binding nature of the plea's terms as to the district court once it accepts the agreement, lies in United States v. Holman, 728 F.2d 809, 813 (6th Cir. 1984); and United States v. Mandell, 905 F.2d 970, 973 (6th Cir. 1990). In both cases, the defendant's were entitled to "specific performance of the agreement," as this petitioner is certainly entitled to the same.

enhancement for obstruction of justice pursuant to § 3C1.1.

A review of the Pre-Sentence Report reveals that the petitioner did not receive an enhancement under U.S.S.G. § 3C1.1. (PSR at ¶ 11) (attached herein) "The probation officer has no information suggesting the defendant has impeded or obstructed justice. Moreover, the petitioner exemplified the very essence of acceptance of responsibility by authoring a letter to the Court explaining his actions, his life to the extent as to his conduct in the instant offense; and apologizing to the Court and the State of Rhode Island for his criminal behavior. The letter is recounted within the PSR, and attached herein. (PSR ¶ 11).

ACCEPTANCE OF RESPONSIBILITY

According to the PSR, at ¶ 31, the petitioner did receive a three level reduction in the offense level for Count II, which was the greater of the two Counts to which the petitioner pled guilty; and at ¶ 33 of the PSR, the petitioner also received a three level reduction under § 3E1.1 under the provisions of § 4A1.1(e); however, the petitioner did not ultimately receive the reduction as evidenced from the court's imposition of the 15 year term of imprisonment under the ACCA.

In United States v. Rodriguez, 64 F.3d 638 (11th Cir. 1995), the Court held that the district court has the discretion to grant a departure from the sentence prescribed by U.S.S.G. § 5G1.1(a), "[w]hen the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, and the statutorily authorized maximum sentence shall be the guideline sentence, as was

the case here. See also, United States v. Cook, 938 F.2d 149 (9th Cir. 1991); United States v. Sayers, 919 F.2d 1321 (8th Cir. 1990); United States v. Martin, 893 F.2d 73 (5th Cir. 1990).

A district court generally must impose a sentence within the range prescribed by the sentencing guidelines. See, 18 U.S.C. § 3553(b). But a court has the statutory authority to impose a sentence outside of the guideline range when "the court finds that there exists an aggravating or mitigating circumstance...not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. The imposition of a sentence outside the guideline range is considered a departure.

The structure of the guidelines and the accompanying commentary make clear that a court may depart from the guideline range established by § 5G1.1(a) just as a court may depart by other sections of the guidelines.

## ACCEPTANCE OF RESPONSIBILITY AS A GROUND FOR DEPARTURE WHEN 5G1.1(a) NULLIFIES THE 3E1.1 ADJUSTMENT

A departure may be granted only for a circumstance or a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission. See United States v. Godfrey, 22 F.3d 1048, 1053 (11th Cir. 1994). In determining whether the circumstances of this case were adequately considered in formulating the guidelines,

this Court may "consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission." 18 U.S.C. § 3553(b); United States v. Williams, 948 F.2d at 708 (11th Cir. 1993). If the reviewing Court determines that the particular circumstances of the case were not adequately considered, the Court must decide whether a departure based on such circumstances is consistent with the goals of the guidelines. Godfrey, 22 F.3d at 1053.

A defendant's acceptance of responsibility is a circumstance that the guidelines clearly and explicitly consider. The § 3E1.1 adjustment entitles a defendant who demonstrates acceptance of responsibility to a two or three level adjustment in his offense level.

A departure from the sentence prescribed by § 5G1.1(a), when the defendant's acceptance of responsibility has not been duly recognized is consistent with the goals of the guidelines. As discussed above, the guidelines contemplate that a defendant's acceptance of responsibility will be recognized at sentencing. Moreover, one of the "legitimate societal interests" served by rewarding a defendant's acceptance of responsibility is providing an incentive to engage in plea bargaining. Plea bargaining is an essential component of the administration of justice" that should be encouraged because it keeps the justice system from becoming over-burdened with full scale trials. Santobello v. New York, 404 U.S. 257, 260 (1971).

The sentencing guidelines reflect the importance of plea bargaining, as well as one who pleads guilty at sentencing. See, U.S.S.G. § 6B1.2, comment. (defendant who timely enters guilty plea enhances likelihood of receiving downward adjustment under § 3E1.1); § 3E1.1, comment. (n.3) (guilty plea is significant evidence of acceptance of responsibility).

A defendant evaluating whether to plead guilty or go to trial rationally considers how his decision will affect his sentence. If a defendant knows that, under § 5G1.1(a), he will receive the same sentence regardless of whether he accepts responsibility, he will more likely shun plea bargaining and go to trial. A chance of acquittal is always present; there is less incentive to forego this chance of a guilty plea will not be rewarded with sentencing leniency. Allowing a departure based on acceptance of responsibility in such circumstances preserves the possibility of some sentencing leniency and thus serves society's legitimate interest guilty pleas and plea bargaining.

In this case, as a result of the ACCA finding, which is contested in Part I herein, the petitioner was facing a sentence of 15 years minimum term of imprisonment; however, the petitioner completely complied with the mandates of § 3E1.1, yet did not receive any type of adjustment under this section of the guidelines. Moreover, as Santobello teaches us, it is the petitioner's understanding of the plea agreement that dictates the results. Here, C. Leonard O'Brien, the petitioner's retained counsel, assured the

petitioner that if he did accept a guilty plea in a timely fashion, even with the Court's finding of the ACCA recidivist finding, he would receive a three level reduction under § 3E1.1(a) & (b).

Although the petitioner did receive an adjustment prior to the PSR's indication of ACCA, it is the overall sentence that the petitioner asserts his three level adjustment should have been made. That was the petitioner's understanding of the agreement, and which did not occur. As a result of this, the Court breached the agreement.

In light of the circumstances of the arguments made herein, the petitioner urges that this Court must specifically perform the relevant portion of the agreement that discusses the acceptance of responsibility adjustment, and modify the petitioner's sentence to reflect his understanding and compliance with § 3E1.1.

CONCLUSION

For the reasons stated herein, the petitioner respectfully requests that the petitioner be resentenced in accordance with the issues raised herein.

March 15, 2005

Respectfully,

Pablo Pereyra
02251-070
FCI Raybrook
P.O. Box 9006
Raybrook, NY
12977

To: AUSA
District of Rhode Island
10 Dorrance Street, 10th Floor
Providence, Rhode Island
02903