UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PABLO PEREYRA | ) | |
| | ) | |
| VS. | ) | C.A. No: 05-235-ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**UNITED STATES' OBJECTION TO THE PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Now comes the United States and hereby objects to the defendant's Motion to Vacate, Set Aside, or Correct Sentence for the reasons stated in the attached memorandum of law.

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

RICHARD W. ROSE
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of June, 2005, I caused to be sent via first class regular mail a true copy of the within United States Objection to the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 to:

Pablo Pereyra
Prisoner Number 02251-070
FCI Raybrook
P.O. Box 9006
Raybrook NY 12977

Dennis Jenkins
Supervising U.S. Probation Officer
U.S. Probation
36 Exchange Terrace
Providence, Rhode Island 02903

Lidana M. Steele

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PABLO PEREYRA | ) | |
| | ) | |
| VS. | ) | C.A. No. 05-235-ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO THE PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

## I. INTRODUCTION

On September 28, 1995, the defendant, PABLO PEREYRA, pled guilty to a two count indictment.[1] Count I charged him with possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), and Count II charged him with possession of a firearm while being a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

The defendant was sentenced on December 1, 1995, to 180 months imprisonment on each count with the sentences to run concurrently. The defendant was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which required a minimum mandatory sentence of 15 years imprisonment. He received the lowest possible sentence.

---

[1] This case was originally assigned to then Senior United States District Court Judge Raymond J. Pettine.

The defendant did not file a direct appeal. Instead, he filed a motion in Rhode Island Superior Court to vacate his prior qualifying convictions because he argued, among other things, that the pleas were involuntary and he was denied effective assistance of counsel. That motion was denied. See Pereyra v. United States, 1997 WL 837511(D.RI) (Magistrate Judge's Report and Recommendation) (recounting procedural history). After denial by the State Court, the defendant filed a petition pursuant to 28 U.S.C. § 2255 stating the same grounds. This too was denied because the defendant's petition was filed out of time. See Id. The First Circuit denied the defendant's request for a certificate of appealability agreeing with the District Court that the defendant's petition was out of time. See Pereyra v. United States, No. 98-1158, Order of the First Circuit, dated August 7, 1998. On May 26, 2005, the defendant filed the instant petition. As argued below, this petition too is out of time and out of order.

## II. FACTS

On or about May 23, 1995, detectives from the Providence Police Department executed a search warrant at 170 Dodge Street in Providence, Rhode Island. After announcing themselves and hearing no response, officers forced their way into the apartment and immediately apprehended defendant, Pablo Pereyra and another individual.

From the kitchen table, police seized several items associated with drug trafficking, including two (2) sifters, a digital scale, a box of rubber bands, glassine packets marked "Miracle," a box of a known cutting agent, and a plate of heroin. Next to the kitchen table, detectives seized a white plastic bag containing one-hundred (100) glassine packets of suspected heroin, two (2) rubber stamps, an ink pad and a bottle of quinine. Detectives also seized $1,027 in United States currency from the defendant's pocket. The plate of heroin found on the kitchen table was examined for fingerprints and found to contain a fingerprint matching the defendant's.

After being read his rights, the defendant admitted that the heroin belonged exclusively to him and neither the apartment's lessee nor the other individual in the apartment at the time the search warrant was executed had any stake in the heroin. The glassine envelopes and the dish of heroin were analyzed by the State Toxicology Lab and found to contain 9.43 grams of heroin.

Concurrent with his arrest, the defendant was advised that officers were preparing to execute a search warrant at his home at 78 Warrington Street in Providence, Rhode Island. The defendant stated that there were no drugs at that location but that he did have a .41 caliber handgun in his bedroom under a dresser. Detectives searching the Warrington Street premises recovered a Smith and Wesson, Model 57-1, .41 caliber handgun,

loaded with five (5) rounds, two (2) boxes of .41 caliber ammunition, and personal papers belonging to the defendant. The weapon was subsequently test-fired and found to be capable of firing a projectile.

A Notice of Information was filed charging six (6) prior convictions for robbery, assault with a dangerous weapon, and intimidation of a witness/victim.

The defendant raises three issues in this, his second petition under 28 U.S.C. § 2255: (1) he is entitled to re-sentencing under United States v. Shepard; (2) he is entitled to re-sentencing under United States v. Booker; and (3) he did not receive a three level decrease for acceptance of responsibility as promised in the plea agreement. For all the following reasons, the defendant's assertions are incorrect and his motion should be denied.

## III. ARGUMENT

### 1. The Defendant Is Not Entitled To Relief Under 28 U.S.C. § 2255

#### A. The Defendant Is Out of Time

The defendant has filed his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 that states in pertinent part:

> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the grounds that the sentence was imposed in

> violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such a sentence or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Because this is a successive § 2255 Petition, the defendant must first obtain a certificate of appealability from the Court of Appeals stating that his case presents

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Because the defendant has not obtained the certificate of appealability his petition should be denied.

Without addressing his failure to secure a certificate of appealability, the defendant states that his motion is timely because United States v. Shepard, 125 S.Ct. 1254 (2005), asserts a new right for defendants sentenced under the ACCA. The defendant also asserts that Shepard is retroactive under the reasoning given in United States v. Bousley, 523 U.S. 614, 620 (1998) even though Shepard does not address retroactivity. Retroactivity is not automatic. "[A] new rule of law can form the basis for a second or successive habeas petition only if that rule is made retroactive to cases on collateral review by the Supreme Court." Hernandez-Vega v. United States, 2005 WL

991256 (1st Cir.). More succinctly, the United States Supreme Court has not made Shepard retroactive. Cf. Langley v. United States, 2005 WL 1114710 (M.D.N.C.) (May 5, 2005); Olivas-Gutierrez v. United States, 2005 WL 1241871 (W.D. Tex.) (May 19, 2005); and Vega v. Craig, 2005 WL 1388872 (N.D.N.Y) (June 9, 2005).

**B. Even If He Were To Obtain A Certificate Of Appealability - - The Defendant's Shepard Claim Would Fail**

The Shepard rule would not apply to the defendant's case because the defendant's past convictions that were used for his sentencing under the ACCA were violent by definition. See R.I. Gen. Laws § 11-5-2(a)(1956)(definition of Assault with a dangerous weapon); State v. Domanski, 57 R.I. 500, 500 (1937)(definition of Robbery). The defendant had six (6) prior convictions for Robbery, Assault with a Dangerous Weapon and Intimidation of a Witness/Victim. See Notice of Information Charging Prior Offenses attached as Exhibit A. Even discounting the unknown underlying facts in the witness intimidation conviction, the defendant's Shepard claim would still fail based on the remaining convictions.

This case doesn't suffer from the generic vagueness of the burglary statute at issue in Shepard. In Shepard, the defendant had a prior burglary conviction which may not have been found to

contain an element of violence because violence was not a clear element of that offense. In this case, that ambiguity does not exist because the defendant was sentenced for crimes that require violence as an element and he pled nolo to each of the counts. Since the defendant's convictions all had elements of violence, Shepard's protections would not apply.

## IV. CONCLUSION

For all the foregoing reasons the defendant's petition should be dismissed.

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

RICHARD W. ROSE
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of June, 2005, I caused to be sent via first class regular mail a true copy of the within United States Memorandum In Support of Its Objection to the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 to:

Pablo Pereyra
Prisoner Number 02251-070
FCI Raybrook
P.O. Box 9006
Raybrook NY 12977

Dennis Jenkins
Supervising U.S. Probation Officer
U.S. Probation
36 Exchange Terrace
Providence, Rhode Island 02903

Lidana M. Steele