**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PABLO PEREYRA | : | |
| | : | |
| vs. | : | C.A. No. 05-235-ML |
| | : | |
| UNITED STATES OF AMERICA | : | |

## MEMORANDUM AND ORDER

Mary M. Lisi, Chief United States District Judge.

Pablo Pereyra has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, that motion is denied.

### BACKGROUND AND TRAVEL

On September 28, 1995, Pereyra pled guilty to a two-count indictment charging him with (1) possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), and (2) possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Because Pereyra had previously been convicted of three or more offenses involving a violent felony or serious drug offense, he was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) ("ACCA"), which required a mandatory minimum statutory penalty of 15 years. This Court sentenced Pereyra to 180 months imprisonment on each count, with the sentences to run concurrently – the lowest possible sentence.

Pereyra did not appeal his conviction or sentence. Instead, he unsuccessfully applied to the Rhode Island Superior Court to vacate his prior qualifying convictions. See Pereyra v. United States, 1997 WL 837511(D.R.I.) (Report and Recommendation by Hagopian, M.J. dated October 6, 1997) ("Report and Recommendation") (recounting procedural history). Thereafter, Pereyra

filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in this Court, claiming *inter alia* that his state convictions were invalid because his pleas were involuntary and he was denied effective assistance of counsel. This motion to vacate was dismissed as raising claims previously adjudicated in state court and as untimely. See id. at 2-4; Order adopting Report and Recommendation (D.R.I. November 14, 1997)(Torres, J.). The Court of Appeals denied Pereyra's request for a certificate of appealability ("COA"). See Pereyra v. United States, No. 98-1158, Order (1st Cir. August 7, 1998).

On May 26, 2005, Pereyra filed the instant motion to vacate. In the motion he asserts that his sentence was erroneous under United States v. Shepard, 544 U.S. 13, 125 S.Ct. 1254 (2005), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), and that he did not receive credit for his acceptance of responsibility.

## DISCUSSION

There is a threshold issue as to whether the instant motion to vacate constitutes a second and successive motion. Pereyra's first § 2255 motion to vacate was dismissed in part because it was untimely filed. The question presented is whether this disposition prevents the instant motion from being characterized as a second and successive motion. See United States v. Barrett, 178 F.3d 34,43 (1st Cir. 1999) ("[A] numerically second petition is not 'second or successive' if it attacks a different criminal judgment or if the earlier petition terminated without a judgment on the merits." (quoting Pratt v. United States, 178 F.3d 34, 60 (1st Cir. 1997)).

Here, however, Pereyra's first motion to vacate, filed in 1997, was dismissed not only because it was untimely, see Report and Recommendation, as adopted, at 2-4, but also because it raised grounds which had been asserted and denied in postconviction proceedings in the Rhode

Island state court, id. at 2. Because the first motion was not dismissed solely on timeliness grounds, the instant motion to vacate constitutes a second and successive petition under § 2255, ¶ 8, see Jamison v. United States, 244 F.3d 44, 46 (1st Cir. 2001) (where original § 2255 motion was rejected in part on the merits, later § 2255 motion was 'second and successive'), and this Court is without jurisdiction to consider it. Rather, Pereyra must obtain the necessary certification from the Court of Appeals prior to its being filed. See 28 U.S.C § 2255, ¶ 8;[1] Barrett, 178 F.3d at 40-41.

Moreover, even if the instant motion to vacate is not, strictly speaking, a second and successive petition, that motion is nonetheless untimely filed. Pereyra's conviction became final in December 1995; the instant motion to vacate was filed in May 2005, more than nine years later. To the extent that Pereyra attempts to rely on § 2255, ¶ 6(3) -- which permits a § 2255 motion to vacate to be filed within one year after the date on which the right asserted was initially recognized by the Supreme Court -- he is likewise without support. That provision further provides that such a newly recognized right is available only if it was "made retroactively applicable to cases on collateral review." Id. Here, neither Booker nor Shepard, on which Pereyra relies, is retroactive to his sentence. See Cirilo-Munoz v. United States, 404 F.3d 527, 532-533 (1st Cir. 2005)(Booker not retroactive to cases that were final at time of decision);

---

[1] Section 2255, ¶ 8 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

United States v. Fraser, 407 F.3d 9, 11 (1st Cir. 2005) (same); United States v. Christensen, 456 F.3d 1205, 1206-1208 (10th Cir. 2006) (Shepard not retroactive to cases on collateral review); Smith v. Joslin, 2006 WL 3476501 at *3 (N.D. Tex. November 30, 2006) (same). Thus, the instant motion must be dismissed.

Apart from timeliness, Pereyra's claims are in any event totally lacking in merit. Because, as noted above, neither Booker nor Shepard is retroactive to Pereyra's claims, these decisions cannot serve as a basis for his sentencing claims. Moreover, his claim that he did not receive the benefit of the acceptance of responsibility adjustment is likewise meritless, given that the mandatory minimum statutory penalty under the ACCA governed his sentence. See 18 U.S.C. § 924(e)(1).

The Court has considered Pereyra's other arguments and deems them to be without merit.

## CONCLUSION

For all of the foregoing reasons, Pereyra's motion is denied and dismissed.

SO ORDERED:

Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
February 2 , 2007